Michael S. Agruss (SBN: 259567)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x235
Fax: 866-583-3695
magruss@consumerlawcenter.com
Attorneys for Plaintiff,
GALE ESTRELLA

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| GALE ESTRELLA, | Case No.: SACV09-01433-AG-(RNBx) |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO** |
| | **DEFENDANT'S MOTION TO DISMISS** |
| v. | **PLAINTIFF'S COMPLAINT** |
| G L RECOVERY GROUP, LLC., | |
| | **Date:** February 22, 2010 |
| Defendant. | **Time:** 10:00 a.m. |
| | **Judge:** Hon. Andrew J. Guilford |
| | **Location:** 411 West 4th Street, Courtroom 10D, Santa Ana, California |

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
### IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, GALE ESTRELLA (Plaintiff), through her attorneys, KROHN & MOSS, LTD., submits the following Opposition in response to Defendant's, G L RECOVERY GROUP, LLC's (Defendant), Motion to Dismiss Plaintiff's Complaint filed in the present matter. Plaintiff's Opposition is based upon the authority and arguments contained within and attached to her Opposition, as well as all pleadings and other documents on file in the present matter.

## I.    INTRODUCTION

On December 7, 2009, Plaintiff filed a Two-Count Verified Complaint (Complaint) against Defendant (See Plaintiff's Complaint attached as Exhibit A).  Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Count II of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (Rosenthal Act).  Plaintiff alleges the following against Defendant: (1) Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged debt; (2) Defendant left voicemail messages for Plaintiff that failed to properly identify the caller; (3) Defendant left voicemail messages for Plaintiff that failed to disclose that the call was from a debt collector; (4) Defendant called Plaintiff's mother on more than one occasion in an attempt to collect a debt even after being requested by Plaintiff's mother not to call again; and (5) Defendant called Plaintiff's mother and disclosed the fact that Plaintiff owes a debt.  On January 15, 2010, Defendant filed a Motion to Dismiss (Motion) Plaintiff's Complaint based on Federal Rule of Civil Procedure (FRCP) 12(b)(6).

Defendant moves this Honorable Court for dismissal based upon the false and erroneous position that Plaintiff's Complaint does not allege sufficient facts to state a cause of action or to put the Defendant on notice as to the basis for Plaintiff's claims.  For the reasons discussed below, Defendant is incorrect in its legal and factual analysis and this Honorable Court would be justified in denying Defendant's Motion.

## II.    ARGUMENT

### A.    Legal Standard

"In a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the burden falls on the defendant to prove that the complaint fails to state a claim upon which relief can be granted.  All factual uncertainties in the complaint must be construed in the light most favorable to the plaintiff. *In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir.1996).*  The Court will dismiss only those claims for which it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.  *Wyler Summit Partnership v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir.1998)."  Medialdea v. Law Office of Evan L. Loeffler PLLC 2009 WL 1767185, Pg. 1 (W.D.Wash.,2009).*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Further, "the allegations of the complaint must be accepted as true. *See Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).* The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963).* In general, the Complaint is construed favorably to the pleader. *See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Watts v. Allstate Indem. Co. 2009 WL 1905047, Pg. 3 (E.D. CA 2009).*

Defendant has failed to meet its burden in the present matter. Plaintiff's Complaint clearly and effectively informs Defendant of the conduct to which Plaintiff complains of as well as clearly and concisely informs Defendant under what legal theories Plaintiff seeks relief.

## B.   Plaintiff's FDCPA and RFDCPA Claims are Well Plead and Should Not be Dismissed

Plaintiff alleges that Defendant has violated numerous provisions of the FDCPA and RFDCPA. Specifically, Plaintiff alleges that Defendant has violated §§1692b(2), 1692b(3) 1692c(a)(1)[1], 1692c(b), 1692d, 1692d(6), 1692e(10) and 1692e(11) of the FDCPA and §§ 1788.11(b), 1788.11(d)[2], 1788.11(e)[3], 1788.12(b) and 1788.17. *Id.* For each alleged violation, Plaintiff has pled factual allegations that more than adequately support her claims for relief.

### 1.   Plaintiff's §1692b(2), §1692b(3), §1692c(b), and §1788.12(b) Claims

15 U.S.C *§1692b(2)* states that "any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—

---

[1] Plaintiff will withdraw her allegation that Defendant violated §1692c(a)(1) of the FDCPA.

[2] Plaintiff will withdraw her allegation that Defendant violated §1788.11(d) of the Rosenthal Act.

[3] Plaintiff will withdraw her allegation that Defendant violated §1788.11(e) of the Rosenthal Act.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

not state that such a consumer owes any debt."  Similarly, 15 U.S.C *§1692b(3)* states that "any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier responses of such person is erroneous or incomplete and that such person now has correct or complete location information."   Furthermore, 15 U.S.C *§1692c(b)* states, "… a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer…"  Finally, Cal. Civ. *§1788.12(b)* states, "No debt collector shall collect or attempt to collect a consumer debt by means of the following practices: communicating information regarding a consumer debt to any member of the debtor's family…"

Plaintiff alleges in her Complaint that Defendant called Plaintiff's mother on more than one occasion in an attempt to collect a debt even after being requested by Plaintiff 's mother not to call again (See paragraph 15 in Plaintiff's Complaint).  Plaintiff further alleges in her Complaint that Defendant called Plaintiff 's mother and disclosed the fact that Plaintiff owes a debt (See paragraph 16 in Plaintiff's Complaint).  Plaintiff has alleged specific conduct by Defendant that could be determined by a jury to be in violation of these provisions, and therefore, Plaintiff has pled facts sufficient to state a cause of action under §1692b(2), §1692b(3), and §1692c(b) of the FDCPA, as well as §1788.12(b) of the Rosenthal Act.

As stated above, "the Court will dismiss only those claims for which it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Wyler Summit Partnership v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir.1998).*  In the present matter, Plaintiff has alleged specific conduct of Defendant that clearly presents enough factual support to withstand Defendant's faulty Motion.  Further, according to the Seventh Circuit Court

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

of Appeals, "We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion  because "district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects." *McMillan v. Collection Professionals, Inc. 455 F.3d 754, 759 (7th Cir. 2006).*

While the *McMillan* court heard a 12(b)(6) motion based solely upon allegations pertaining to a written correspondence sent by the defendant to the plaintiff the logic of the court's rationale holds true in this case.  Plaintiff has more than sufficiently plead facts that establish a claim for violations of §1692b(2), §1692b(3), and §1692c(b) of the FDCPA, as well as §1788.12(b) of the Rosenthal Act, and this Court would be justified in agreeing with Plaintiff and denying Defendant's Motion in regards to Plaintiff's §1692b(2), §1692b(3),  §1692c(b), and §1788.12(b) claims.

### 2.    Plaintiff's §1692d Claim

15 U.S.C. § 1692d provides that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection  with the collection of a debt."  Plaintiff alleges in her complaint that Defendant: (1) placed collection calls to Plaintiff seeking and demanding payment for an alleged debt; (2) left voicemail messages for Plaintiff that failed to properly identify the caller; (3) left voicemail messages for Plaintiff that failed to disclose that the call was from a debt collector; (4) called Plaintiff's mother on more than one occasion in an attempt to collect a debt even after being requested by Plaintiff's mother not to call again; and (5) called Plaintiff's mother and disclosed the fact that Plaintiff owes a debt.  Plaintiff has alleged specific conduct by Defendant that could be determined by a jury to be in violation of this provision, and therefore, Plaintiff has pled facts sufficient to state a cause of action under §1692d of the FDCPA.

As stated above, "the Court will dismiss only those claims for which it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief." *Wyler Summit*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Partnership v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir.1998).*  In the present matter, Plaintiff has alleged specific conduct of Defendant that clearly presents enough factual support to withstand Defendant's faulty motion.  Defendant cannot in good faith claim that based upon the alleged conduct complained of in Plaintiff's Complaint that it appears *beyond a doubt* that Plaintiff can prove absolutely no set of facts that would entitle her to relief under §1692d.

Further, any determination as to whether or not the alleged conduct, is in fact, a violation of §1692d is a factual question that should be determined by the fact finder (jury in the present matter) and not by the court by way of Defendant's Motion to Dismiss as "[g]enerally, whether a defendant has violated the FDCPA is a question of fact to be resolved by the jury. *See United States v. ACB Sales & Serv., Inc.,* 590 F.Supp. 561, 570 (D.Ariz.1984)."  *Voris v. Resurgent Capital Services, L.P. 494 F.Supp.2d 1156, 1163 ( S.D.Cal. 2007).*  Further, according to the Seventh Circuit Court of Appeals, "We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because "district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects."  *McMillan v. Collection Professionals, Inc. 455 F.3d 754, 759 (7th Cir. 2006).*

While the *McMillan* court heard a 12(b)(6) motion based solely upon allegations pertaining to a written correspondence sent by the defendant to the plaintiff the logic of the court's rationale holds true in this case.  Plaintiff has more than sufficiently plead facts that establish a claim for alleged violations of §1692d and this Court would be justified in agreeing with Plaintiff and denying Defendant's Motion in regards to Plaintiff's §1692d claim.

### 3.    Plaintiff's §1692d(6) and §1788.11(b) Claims

Both 15 U.S.C. § 1692d(6) and Cal. Civ. § 1788.11(b) each provide that in all communications a debt collector must provide "meaningful disclosure" of the caller's identity.  Cal. Civ. § 1788.11(b) provides further clarity by stating that "an employee of a licensed

- 6 -

collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents."  Plaintiff alleges in her Complaint that Defendant left voicemail messages for Plaintiff that failed to properly identify the caller and failed to disclose that the call was from a debt collector.  **The United States District Court for the Central District of California** has held that "meaningful disclosure" presumably requires that the caller must state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call or the reason the questions are being asked." *Hosseinzadeh v. M.R.S. Associates, Inc. 387 F.Supp.2d 1104, 1112 (C.D.Cal.,2005).*

Clearly, if one of Defendant's agents places a collection call to Plaintiff and fails to identify the caller and fails to disclose that the call is from a debt collector, the agent cannot be said to have provided Plaintiff with any information pertaining as to the nature or purpose of the call.  These alleged facts in Plaintiff's Complaint are more than enough to withstand Defendant's Motion as Plaintiff alleges specific conduct that provides Plaintiff with a cause of action for which she can seek relief.

Plaintiff cites specific and particular conduct by the Defendant and alleges that such conduct is a violation of specific provisions of the FDCPA and RFDCPA.  Defendant cannot argue in good faith that the specific facts pled in Plaintiff's complaint pertaining to Defendant's alleged § 1692d(6) and § 1788.11(b) violations are not enough to put Defendant on notice of the alleged violations of law and grounds for such.  Accordingly, Defendant's Motion should be denied in regards to Plaintiff's § 1692d(6) and § 1788.11(b) claims.

### 4.    Plaintiff's §1692e(10) Claim

15 U.S.C. § 1692e(10) prohibits a debt collector from engaging in "the use of any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  Plaintiff alleges in her complaint that Defendant: (1) placed collection calls to Plaintiff seeking and demanding payment for an alleged debt; (2) left

voicemail messages for Plaintiff that failed to properly identify the caller; (3) left voicemail messages for Plaintiff that failed to disclose that the call was from a debt collector; (4) called Plaintiff's mother on more than one occasion in an attempt to collect a debt even after being requested by Plaintiff's mother not to call again; and (5) called Plaintiff's mother and disclosed the fact that Plaintiff owes a debt.  Plaintiff alleges that this conduct constitutes violations of § 1692e(10).

Regardless of Defendant's attempts to argue that failing to provide further information is fatal to Plaintiff's Complaint, Plaintiff cannot see how including any more information as to the alleged conduct leading to the §1692e(10) violations would somehow "revive" or "save" her Complaint.  Much like the question of whether or not a written letter from a debt collector is confusing or misleading, the question of whether or not conduct is false or deceptive is a question of fact.  As per the *McMillan* court, this Honorable Court should not make factual decisions regarding the present matter by way of Defendant's Rule 12(b)(6) Motion.  To do so would improperly take away the duty of the jury as fact finder in this case.

It is clearly plausible that the jury in this matter may find that the alleged conduct of Defendant was false and deceptive and thus awarding relief for Plaintiff.  Thus it seems quite implausible that Defendant can meet its burden and establish that it appears *beyond doubt* that Plaintiff can prove no set of facts which would entitle her to relief as required by *Wyler Summit Partnership v. Turner Broadcasting Sys., Inc.,* (*135 F.3d 658 (9th Cir.1998)*).  Accordingly, Defendant's Motion should be denied as to Plaintiff's § 1692e(10) claim.

### 5.    Plaintiff's §1692e(11) Claim

15 U.S.C. § 1692e(11) provides that the ". . . failure to disclose in subsequent communications that the communication is from a debt collector" is a violation of the FDCPA. By way of its motion and argument, Defendant is placing Plaintiff, and other future consumers should this Court agree with Defendant, into the paradox of proving with heightened specificity

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

events and conduct *that did not occur*.  Plaintiff alleges that the Defendant failed to inform Plaintiff in all communications that the Defendant is a debt collector.  Defendant is essentially seeking to require Plaintiff to plead the specific time and place that Defendant failed to provide her with the warning that the communication was from a debt collector, or face dismissal of her claims pursuant to a Rule 12(b)(6) motion.  Further, Plaintiff would be required to plead the specific instances of when Defendant's agents failed to inform the Plaintiff of the Defendant's debt collector status.  Plaintiff has clearly pled that Defendant failed to provide proper disclosure as required by §1692e(11).  Plaintiff is not required to specifically plead anything further in order to maintain her cause of action as the facts pled, taken as true, would constitute a violation of the applicable provisions of the FDCPA.

Further, the FDCPA is a "strict liability" statute which does not require the showing of intent or willfulness for most violations.  *Russell v. Equifax A.R.S., 74 F.3d30 (2nd Cir. 1996)*.  Accordingly, the specific dates and times of the alleged failures of the Defendant to disclose information are irrelevant to the issue of Defendant's liability under the statute.  One violation of § 1692e(11) is sufficient to establish liability.  Requiring Plaintiff to plead the exact dates of Defendant's alleged conduct cannot be said to put Defendant on "more" or "better" notice of the claims in Plaintiff's claims or the grounds for such and would thus become nothing more than an undue burden upon Plaintiff and other similarly situated consumers.  This is contrary to both FRCP 8 as well as the United States Supreme Court's holding in *Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197* (2007) that, "Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, ----, 127 S.Ct. 1955, 167 L.Ed.2d 929, ---- - ---- (2007) (slip op., at 7-8) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1    Plaintiff has sufficiently pled facts in her Complaint that establish a showing that

2    Plaintiff is entitled to relief and also put Defendant on notice of the relief sought as well as the

3    grounds for such.    Accordingly, Defendant's Motion should be denied as to Plaintiff's

4    §1692e(11) claim.

5              **6.    Plaintiff's §1788.17 Claim**

6    Cal. Civ. *§1788.17* states that, "…every debt collector collecting or attempting to collect

7    a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and

8    shall be subject to the remedies in Section 1692k of, Title 15 of the United State Code.

9    However, subsection (11) of Section 1692e…shall not apply…"  Here, Plaintiff alleges that

10   Defendant violated §§1692b(2), 1692b(3) 1692c(a)(1), 1692c(b), 1692d, 1692d(6), 1692e(10)

11   and 1692e(11).   Therefore, the only section of the FDCPA that Plaintiff alleges Defendant

12   violated that that would not apply to §1788.17 of the Rosenthal Act is 1962e(11).

13   Plaintiff alleges in her Complaint that Defendant: (1) placed collection calls to Plaintiff

14   seeking and demanding payment for an alleged debt; (2) left voicemail messages for Plaintiff

15   that failed to properly identify the caller; (3) called Plaintiff's mother on more than one occasion

16   in an attempt to collect a debt even after being requested by Plaintiff's mother not to call again;

17   and (5) called Plaintiff's mother and disclosed the fact that Plaintiff owes a debt.   Plaintiff

18   alleges that this conduct constitutes violations of §1788.17 of the Rosenthal Act because

19   Defendant violated §§1692b(2), 1692b(3) 1692c(a)(1), 1692c(b), 1692d, 1692d(6), and

20   1692e(10) of the FDCPA.

21   As stated above, "the Court will dismiss only those claims for which it appears beyond

22   doubt that plaintiff can prove no set of facts which would entitle him to relief." *Wyler Summit*

23   *Partnership v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir.1998).*  In the present

24   matter, Plaintiff has alleged specific conduct of the Defendant that clearly present enough factual

25   support to withstand Defendant's faulty Motion.   Defendant cannot in good faith claim that

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

based upon the alleged conduct complained of in Plaintiff's complaint that it appears *beyond a doubt* that Plaintiff can prove absolutely no set of facts that would entitle her to relief under Cal. Civ. §1788.17.   Therefore, Defendant's Motion should be denied as to Plaintiff's §1788.17 claim.

## III.   CONCLUSION

Plaintiff has clearly and concisely pled facts that put Defendant on notice of the relief sought and the grounds for such.  Neither the United States Supreme Court nor the Federal Rules of Civil Procedure require anything more.  Accordingly, Defendant's Motion to Dismiss should be denied..

WHEREFORE, Plaintiff, GALE ESTRELLA, for the reasons set forth above, moves this Honorable Court to deny Defendant's Motion to Dismiss and issue an Order requiring Defendant to file an answer to Plaintiff's Complaint.


                                  RESPECTFULLY SUBMITTED,

DATED:  February 1, 2010                 KROHN & MOSS, LTD.


                            By: /s/          Michael S. Agruss

                                 Michael S. Agruss
                                 Attorney for Plaintiff

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT A

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

FILED

1   Michael S. Agruss (SBN: 259567)
    Krohn & Moss, Ltd.
2   10474 Santa Monica Blvd., Suite 401          2009 DEC -8  AM 11: 57
    Los Angeles, CA 90025
3   Tel: 323-988-2400 x235                       CLERK U.S. DISTRICT COURT
    Fax: 866-583-3695                             CENTRAL DIST. OF CALIF.
                                                        LOS ANGELES
4   magruss@consumerlawcenter.com
    Attorneys for Plaintiff,                     BY _____
5   GALE ESTRELLA

6

7                   UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
8                        SOUTHERN DIVISION

9   GALE ESTRELLA,                     )   Case No.: CV09-01433 AG (RNBx)
                                        )
10             Plaintiff,               )   COMPLAINT AND DEMAND FOR
                                        )   JURY TRIAL
11        v.                            )
                                        )
12  G L RECOVERY GROUP, LLC,            )   ┌─────────────────────────────┐
                                        )   │          RECEIVED           │
13             Defendant.               )   │  CLERK, U.S. DISTRICT COURT  │
    _____)   │   ┌───────────────────────┐ │
14                                          │   │    DEC - 7 2009        │ │
                                            │   └───────────────────────┘ │
15                  VERIFIED COMPLAINT      │ CENTRAL DISTRICT OF CALIFORNIA│
                                            │ BY                    DEPUTY │
16       Plaintiff, GALE ESTRELLA (Plaintiff), through her attorneys, KROHN & MOSS, LTD.,

17  alleges the following against G L RECOVERY GROUP, LLC, (Defendant):

18                          INTRODUCTION

19       1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15

20          U.S.C. 1692 et seq.* (FDCPA).

21       2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection

22          Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

23                     JURISDICTION AND VENUE

24       3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such

25          actions may be brought and heard before "any appropriate United States district court

                                  - 1 -

without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained within.

4.  Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5.  Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6.  Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202.*

## PARTIES

7.  Plaintiff is a natural person residing in Rancho Santa Margarita, Orange County, California.

8.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h).*

9.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in La Habra, Orange County, California.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant placed collection calls to Plaintiff seeking and demanding payment of an alleged debt.

13. Defendant left voicemail messages for Plaintiff that failed to properly identify the caller.

14. Defendant left voicemail messages for Plaintiff that failed to disclose that the call was from a debt collector.

15. Defendant called Plaintiff 's mother on more than one occasion in an attempt to collect a

- 2 -

debt even after being requested by Plaintiff 's mother not to call again.

16. Defendant called Plaintiff 's mother and disclosed the fact that Plaintiff owes a debt.

**COUNT I**

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

17. Defendant violated the FDCPA based on the following:

 a. Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's mother and stating that Plaintiff owes a debt.

 b. Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff's mother more than once when not requested to do so.

 c. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff in connection with the collection of a debt at a time or place known or which should be known to be inconvenient to Plaintiff.

 d. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's mother in connection with the collection of Plaintiff's debt.

 e. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of Plaintiff.

 f. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

 g. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt.

 h. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, GALES ESTRELLA, respectfully requests judgment be entered against Defendant, G L RECOVERY GROUP, LLC, for the following:

- 3 -

PLAINTIFF'S COMPLAINT

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

24. Defendant violated the RFDCPA based on the following:

   a. Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls without disclosure of the caller's identity.

   b. Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.

   c. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment.

   d. Cross-Defendant violated the *§1788.12(b)* of the RFDCPA by communicating information regarding a consumer debt to Plaintiff's mother.

   e. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

- 4 -

WHEREFORE, Plaintiff, GALE ESTRELLA, respectfully requests judgment be entered against Defendant, G L RECOVERY GROUP, LLC, for the following:

25. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

26. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

27. Actual damages,

28. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

29. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GALE ESTRELLA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED:  December 3, 2009          KROHN & MOSS, LTD.

By: _____

Michael S. Agruss
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT

1

**PROOF OF SERVICE**

2

     I, Michael S. Agruss, state the following:

3

     I am employed in Los Angeles, California; I am over the age of 18 and am not a party to

4

this action; my business address is 10474 Santa Monica Blvd., Suite 401, Los Angeles, CA 90025.  On February 1, 2010, I served the following documents:

5

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S**

6

**COMPLAINT**

7

     On the parties listed below:

8

Evan A. Moeller
Hirsch & Westheimer, P.C.

9

700 Louisiana, Suite 2550
Houston, TX  77002

10

emoeller@hirschwest.com
Fax: 713-223-9319

11

12

     By the following means of service:

13

[X]    **BY ELECTRONIC SERVICE:** the documents above were delivered electronically

14

       through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service.

15

[X]    **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to

16

       the e-mail addresses listed above.  I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

17

[X]    **BY FACSIMILE:** I transmitted the documents listed above by facsimile machine to the

18

       facsimile number listed above.  The facsimile machine I used complied with Rule

19

       2003(3) and no error was reported by the machine.  Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

20

[X]    **FEDERAL:** I declare under penalty of perjury under the laws of California that the

21

       above is true and correct.

22

     Executed on February 1, 2010, at Los Angeles, California.

23

              By:_____/s/ Michael S. Agruss_____
                    Michael S. Agruss

24

25

- 13 -

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**