Evan A. Moeller (Texas Bar No. 24051067)
Hirsch & Westheimer, P.C.
700 Louisiana Street, Suite 2550
Houston, TX 77002-2772
Telephone: (713) 220-9163
Facsimile: (713) 223-9319
emoeller@hirschwest.com

Christopher Eric Ng (CSB #216969)
Gibbs, Giden, Locher, Turner & Senet LLP
1880 Century Park East, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 552-3400
Facsimile: (310) 552-0805
cng@gglts.com

Attorneys for Defendant, G L RECOVERY GROUP, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| GALE ESTRELLA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>G L RECOVERY GROUP, LLC,<br><br>　　　　　　　Defendant. | Case No. SACV09-01433 AG (RNBx)<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>**Date:** February 22, 2010<br>**Time:** 10:00 a.m.<br>**Judge:** Honorable Andrew J. Guilford<br>**Location:** 411 West 4th Street, Courtroom 10D, Santa Ana, CA |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant, G L Recovery Group, LLC (*"G L Recovery"*), files this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss.

///

///

## PLAINTIFF'S RESPONSE APPLIES THE
## WRONG LEGAL STANDARD THROUGHOUT

1. The Supreme Court formerly held that a complaint should not be dismissed for failure to state a claim unless it appeared beyond doubt that the plaintiff could prove no set of facts to support a claim for relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957). The Court retired the "no set of facts" language from *Conley* and now requires a pleading to have enough facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 562-63, 570 (2007). Although detailed factual allegations are not required, a complaint may be dismissed when (1) it does not show a right to relief beyond mere speculation or (2) it sets forth a claim for relief from which no more than a mere possibility of misconduct can be inferred. *See Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic*, 550 U.S. at 555.

## MORE LAUNDRY LISTS AND CONCLUSIONS

2. Following a recitation of obsolete, now discarded legal authority, Plaintiff opens her response by stating "Plaintiff alleges that Defendant has violated numerous provisions of the FDCPA and RFDCPA. Specifically, Plaintiff alleges that Defendant has violated §§1692b(2), 1692b(3), 1692c(a)(1), 1692c(b), 1692d, 1692d(6), 1692e(10) and 1692e(11) of the FDCPA and §§1788.11(b), 1788.11(d), 1788.11(e), 1788.12(b) and 1788.17. *Id*. For each alleged violation, Plaintiff has pled factual allegations that more than adequately support her claims for relief." (footnotes omitted) *See* Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, page 3, lines 13-17. Conclusory allegations of law, inference unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat an F.R.C.P. 12(b)(6) motion. *Iqbal*, ____ U.S. at ____, 129 S.Ct. at 1949; *Bell Atlantic*, 550 U.S. at 555; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

3. Yet again, Plaintiff has provided the Court with a laundry list of statutory sections accompanied by a bald assertion that Defendant has violated those sections and absolutely no argument or explanation of *how* Plaintiff's five generic lines of facts puts forth

a claim for relief from which more than a mere possibility of misconduct can be inferred. The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A complaint does not suffice if it tenders naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937, 1949-50 (2009).

4. Plaintiff's Complaint contains less than one hundred words of factual allegations that in no way uniquely identify ***this*** Plaintiff or ***this*** Defendant, nor demonstrate, in any discernable way that these parties ever even crossed paths. If this were enough to state a claim that is plausible and above mere speculation, then the factual threshold to state a claim under Federal Rule of Civil Procedure 8 would be close to zero. *Twombly* and *Iqbal* have instructed us that this is not so.

5. Plaintiff restates, in several sections of its response, the exact same anemic facts as were included in her Original Complaint. These restatements are followed by various forms of summary conclusions such as "Plaintiff has alleged specific conduct by Defendant that could be determined by a jury to be in violation of these provisions," "Plaintiff has alleged specific conduct of the Defendant that clearly presents enough factual support to withstand Defendant's faulty motion," and "Plaintiff has more than sufficiently plead facts that establish a claim for alleged violations . . .." In ruling on an F.R.C.P. 12(b)(6) motion, the court must (1) identify allegations that, because they are merely conclusions, are not entitled to an assumption of truth and (2) consider the factual allegations to determine if they plausibly suggest a claim for relief. *Iqbal*, ____ U.S. at ____, 129 S.Ct. at 1950; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009). All of the facts stated in Plaintiff's Complaint and reiterated in her response to Defendant's Motion to Dismiss are mere conclusions and therefore not entitled to an assumption of truth.

6. In addition to these summary conclusions, Plaintiff has also added her commentary with statements like "This Court would be justified in agreeing with Plaintiff and denying Defendant's Motion" and "Defendant cannot in good faith claim that based upon the alleged conduct complained of in Plaintiff's complaint that it appears *beyond a*

3

*doubt* that Plaintiff can prove absolutely no set of facts that would entitle her to relief . . . ." Plaintiff's editorials do nothing in the way of inching Plaintiff's Complaint across the line from possible to plausible, not to mention, they cite to a standard that was discarded by the United States Supreme Court in *Twombly*, giving way to a new standard which, of course, the High Court announced applied to all civil cases in *Iqbal*.

7. If the factual allegations are plausible, the court cannot decide disputed fact issues – that is, the court must assume that all plausible facts contained in the complaint are true. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Bell Atlantic*, 550 U.S. at 555-56; *see also al-Kidd v. Ashcroft*, 580 F.3d 949, 956; *see also Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). The court, however, cannot assume that the plaintiff can prove facts it has not alleged. *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir. 1996). Nowhere in Plaintiff's Complaint or in her response to Defendant's Motion to Dismiss does Plaintiff actually tell Defendant or the Court what Defendant's collectors allegedly said to the Plaintiff or her mother. Since *no* specific misconduct has been alleged by this Plaintiff against this Defendant, there are no assumptions for the Court to make.

8. Page 8, lines 7 through 10 of Plaintiff's response poses the question of how including more information as to the alleged conduct leading to the alleged 1692e(10) violation would somehow "revive" or "save" Plaintiff's Complaint. The answer is obvious: this information would allow Defendant to identify which collectors allegedly placed the telephone calls, what they allegedly said during these calls, what, if any, voice messages they left, what was said in those voice messages, what, if any, collectors spoke to Plaintiff's mother, and what was said during those conversations. Defendant could then compare the alleged conduct to its own records and to the law, prepare its defense accordingly, or perhaps, if determined to be true (assuming the allegations showed a plausible right to relief), offer Plaintiff a settlement. With the conclusory allegations that have been presented to Defendant and the Court, Defendant is in no position to answer Plaintiff's Complaint or even conduct a meaningful investigation of Plaintiff's allegations, much less take any of the other steps outlined above.

4

### THE STRICT LIABILITY NON SEQUITUR

9. Plaintiff's focus on strict liability is misplaced. Whether or not any alleged violations were intentional is not the issue. The issue is whether any violations have occurred at all, and more specifically, as a starting point, whether Plaintiff has stated sufficient facts to set forth a claim for relief for which no more than a mere possibility can be inferred.

### THE FALSE MCMILLAN ANALOGY

10. Finally, Plaintiff attempts to analogize this situation to one presented to the Seventh Circuit involving whether a letter sent from a debt collector to a debtor was confusing. The cases are quite obviously distinguishable. In *McMillan*, the letter and its language was plain for the court and the Defendant to see. In the instant matter, Plaintiff has provided Defendant and the Court with no details as to who said what to whom, when, how and how setting forth a claim for relief for which no more than a mere possibility can be inferred.

### CONCLUSION

11. After two opportunities to amend her pleadings by factually enhancing her allegations, complete with a roadmap provided by Defendant's Motion, Plaintiff has refused to do so . . . because she cannot. Plaintiff's Complaint should be dismissed without leave to amend.

Respectfully submitted,

Dated February 2, 2010    By: ____*/S/ Evan A. Moeller*____
                              Evan A. Moeller
                              Hirsch & Westheimer, P.C.
                              700 Louisiana, Suite 2550
                              Houston, TX  77002-2772
                              Telephone: (713) 220-9163
                              Facsimile: (713) 223-9319
                              E-mail: emoeller@hirschwest.com

                              **Attorney-in-Charge for G L Recovery Group, LLC**

1

2        Christopher Eric Ng
Gibbs, Giden, Locher, Turner & Senet LLP
3        1880 Century Park East, 12th Floor
Los Angeles, CA  90067
4        Telephone: (310) 552-3400
Facsimile: (310) 552-0805
5        E-mail: cng@gglts.com

6

7        **Local Counsel for G L Recovery Group, LLC**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**Gale Estrella v. G L Recovery Group, LLC**
**Case No. SACV09-01433AG**

I, Lori S. Frank, declare:

I am employed in the County of Harris, State of Texas. I am over the age of 18 and not a party to the within action. My business address is Hirsch & Westheimer, P.C., 700 Louisiana, Suite 2550, Houston, Texas, 77002-2772. On February 2, 2010, I served the document(s) described as **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** on the interested parties in this action as follows:

☒ By placing ☐ the original ☒ a true copy thereof as follows:

SEE ATTACHED SERVICE LIST

☒ **BY ELECTRONIC ACCESS** Pursuant to Electronic Filing Court Order, I hereby certify that the above document(s) was uploaded to the CM/ECF website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒ [Federal] I declare that I am employed in the offices of a member of the State Bar of Texas, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 2, 2010, at Houston, Texas.

*/S/ Lori S. Frank*
Lori S. Frank

20090408.20090773/710590.1

# SERVICE LIST

Attorney:

Michael S. Agruss
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., 4th Floor
Los Angeles, CA  90025
Facsimile: (866) 583-3695
E-mail: magruss@consumerlawcenter.com

Party:

Plaintiff, Gale Estrella