UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-1433 AG (RNBx)** | Date | February 22, 2010 |
|---|---|---|---|
| Title | GALE ESTRELLA v. G L RECOVERY GROUP, LLC | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This case involves claims for unfair debt collection practices. Plaintiff Gale Estrella ("Plaintiff") filed a Verified Complaint ("Complaint"). Defendant G L Recovery Group, LLC ("Defendant") filed a Motion to Dismiss ("Motion"). After considering all papers and arguments submitted, Defendant's Motion is DENIED.

**BACKGROUND**

The following factual allegations are taken from Plaintiff's Complaint, and as it must for this Motion, the Court assumes them to be true.

Plaintiff received calls from Defendant, a debt collector, "seeking and demanding payment of an alleged debt." (Compl. ¶¶ 9, 12.) Defendant also left voicemail messages for Plaintiff that failed to disclose that the calls were from a debt collector. (Compl. ¶ 14.) Defendant called Plaintiff's mother "on more than one occasion" attempting to collect a debt, despite requests by Plaintiff's mother not to call again. (Compl. ¶ 15.) This debt was disclosed to Plaintiff's mother by Defendant. (Compl. ¶ 16.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-1433 AG (RNBx)** | Date | February 22, 2010 |
|---|---|---|---|
| Title | GALE ESTRELLA v. G L RECOVERY GROUP, LLC | | |

Based on these facts and others, Plaintiff filed her Complaint in this Court, asserting two claims for relief, numbered as follows: (1) Violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"); and (2) violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("RFDCPA"). (Compl. 3-5.) Defendant now moves to dismiss Plaintiff's Complaint for failure to state a claim.

## LEGAL STANDARD

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-1433 AG (RNBx)** | Date | February 22, 2010 |
|---|---|---|---|
| Title | GALE ESTRELLA v. G L RECOVERY GROUP, LLC | | |

## ANALYSIS

### 1.   PLAINTIFF'S FIRST CLAIM, FOR VIOLATIONS OF THE FDCPA

Plaintiff's first claim is for violations of the FDCPA. Under the FDCPA, "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall . . . not state that such consumer owes any debt." 15 U.S.C. §§ 1692b, 1692b(2). Plaintiff alleges that Defendant violated Section 1692b(2) by calling Plaintiff's mother "on more than one occasion," and "communicating with Plaintiff's mother and stating that Plaintiff owes a debt." (Compl. ¶¶ 15, 17a.)

Defendant argues that Plaintiff's FDCPA claim fails because Plaintiff has merely made "conclusory statements." (Motion 4:14.) But Plaintiff's allegation that Defendant revealed to Plaintiff's mother that Plaintiff owed a debt is sufficient to state a claim for a violation of Section 1692b(2) the FDCPA.

At this stage, Plaintiff need only allege sufficient facts for a single violation of the FDCPA to overcome Defendant's Motion as to the first claim. Thus, the Court does not address the remaining alleged violations of the FDCPA.

Defendant's Motion is DENIED as to Plaintiff's first claim for relief.

### 2.   PLAINTIFF'S SECOND CLAIM, FOR VIOLATIONS OF THE RFDCPA

Plaintiff's second claim is for violations of the RFDCPA. RFDCPA Section 1788.11 states that "[n]o debt collector shall collect or attempt to collect a consumer debt by means of . . . [p]lacing telephone calls without disclosure of the caller's identity." *See* Cal. Civ. Code § 1788.11(b). In her Complaint, Plaintiff alleges that Defendant violated this section by "placing telephone calls without disclosure of the caller's identity," and leaving voicemail messages for Plaintiff that "failed to disclose that the call was from a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-1433 AG (RNBx)** | Date | February 22, 2010 |
|---|---|---|---|
| Title | GALE ESTRELLA v. G L RECOVERY GROUP, LLC | | |

debt collector."  (Compl. ¶¶ 14, 24a.)

Defendant argues that Plaintiff's claim for violations of the RFDCPA should be dismissed because the Complaint fails to allege any "specifics," and demonstrates no right to relief that is "plausible and above mere speculation."  (Motion 5:2-3.)  Defendant attacks each allegation in isolation, and argues that Plaintiff fails to include "who, what, when, or how those violations occurred." (Motion 3:15, 4:24-25.)  But "'detailed factual allegations' are not required."  *See Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. 554, 555).  Plaintiff's Complaint sets forth factual allegations regarding the failure of Defendant's callers to identify themselves.  These allegations are sufficient to state a claim for a violation of the RFDCPA.

Again, Plaintiff need only allege sufficient facts for a single violation of the RFDCPA to overcome Defendant's Motion as to the second claim.  Thus, the Court does not address the remaining alleged violations of the RFDCPA.

Defendant's Motion is DENIED as to Plaintiff's second claim for relief.

**DISPOSITION**

Defendant's Motion to Dismiss is DENIED.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |